UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST GODFREY LOGAN, Jr., | No. 2:24-cv-02713-DJC-SCR |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| FOOD 4 LESS, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se, and this matter is referred to the undersigned pursuant to Local Rule 302(c)(21). The record reflects that this action was filed in the improper venue. Additionally, more than 90 days have passed since the filing of this action and no return of service is on file. Accordingly, Plaintiff shall show cause why the action should not be dismissed or transferred to the Central District of California.

**I. Venue**

Plaintiff filed his complaint on October 2, 2024. ECF No. 1. The caption of the complaint states "Central District of California." *Id.* at 1. Plaintiff lists his address as Los Angeles, California. *Id.* Plaintiff alleges racial discrimination at a grocery store in Los Angeles and it appears that the individually named Defendants worked at the grocery store. *Id.* at 2-5.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, it appears the Defendants reside in Los Angeles, as does the Plaintiff. Further, it appears that the events or omissions giving rise to the claim occurred at a grocery store in Los Angeles. As the Defendants have not appeared and have not waived a challenge to venue, the Court may raise the issue sua sponte. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Where an action is filed in the wrong venue, the district court may dismiss it or, in the interests of justice, transfer it to a district where it could have been brought. *Id.* citing 28 U.S.C. § 1406(a).

**II. Service**

Plaintiff filed this action on October 2, 2024. ECF No. 1. Summons issued on October 3, 2024. ECF No. 3. Federal Rule of Civil Procedure 4(m) provides in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." More than 90 days have passed since the filing of the complaint and Plaintiff has not filed a return/proof of service.

Accordingly**, IT IS HEREBY ORDERED** that Plaintiff shall show cause, in writing, **within 14 days**, why this action should not be dismissed/transferred based on improper venue or dismissed based on failure to effect service. Plaintiff shall address both the issue of venue and issue of service. If Plaintiff intended to file this action in the Central District of California, he may satisfy this Order by filing a notice of voluntary dismissal in this Court. If Plaintiff fails to respond, the court will recommend dismissal of the action.

SO ORDERED.

DATED: January 14, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2